ROBERTS, C.J.
The Appellant, Michael Mobley, appeals an order of the Division of Administrative Hearings determining that the Appellee, the Agency for Health Care Administration (AHCA), was entitled to a full reimbursement of its Medicaid lien from the Appellant’s personal injury settlement. We agree with the Appellant that the ALJ erred in its findings of fact.
FACTS
This case stems from a personal injury claim that arose in 2005. The Appellant, then a 14-year-old boy, attended a beach party thrown by off-duty employees at a hotel in Destín. He became intoxicated and drowned in the Gulf of Mexico. He was revived, but he suffered irreversible anoxic brain damage, which left him unable to live independently.
The Appellant’s parents brought suit on his behalf against the hotel operators and a third-party contractor that provided lifeguard services for the hotel. The total claim for past medical expenses amounted to $627,804.14. This claim consisted of $515,860.29 paid by a self-funded ERISA plan and $111,943.89 paid by Medicaid. After years of litigation, the parties agreed to settle all claims, including those for medical expenses, for $500,000. The ERISA plan asserted a lien for its full amount of medical expenses, but it agreed to accept $120,000 in satisfaction of its lien. AHCA asserted a lien in the full amount of the Medicaid expenses.
The Appellant, pursuant to section 409.910, Florida Statutes, filed a petition to determine the proper amount of the Medicaid lien. See § 409.910(17)(b), Fla. Stat. (2014) (“A recipient may contest the amount designated as recovered medical expense damages payable to [AHCA] ... by filing a petition ... with the Division of Administrative Hearings.”). The Appellant argued that the parties, which did not include AHCA, agreed to use a proportional methodology to determine the allocation of the settlement. Because the $500,000 settlement was about 3.3% of the estimat *1235 ed total damages suffered by the Appellant, without discounting for any comparative negligence, the parties allocated 3.3% of the actual medical expenses to the Medicaid lien, which amounted to $20,717.54.
After a hearing, the Administrative Law Judge (ALJ) made the following findings of fact:
(1) The settlement agreement allocated $120,000 to the ERISA plan for partial reimbursement of the $515,860.29 it had paid for medical expenses. This amount must be added to the $20,717.54 allocated for other medical expenses paid by Medicaid to reflect a total amount of $140,717.54 allocated for past medical expenses.
(2) The evidence shows that the total recovery includes at least $140,717.54 allocated as reimbursement for past medical expenses, which was to be divided unequally between the ERISA plan and Medicaid.
The ALJ concluded that the Appellant failed to prove by clear and convincing evidence that the statutory lien amount of $111,943.89 exceeded the amount actually recovered in the settlement for medical expenses, and as such, he ordered that AHCA was entitled to a full reimbursement of the Medicaid lien.
LAW AND ANALYSIS
Section 409.910, Florida Statutes, provides that if a Medicaid beneficiary receives a settlement from a liable third party, Medicaid- must be repaid in full and prior to any other person, program, or entity. § 409.910(1), Fla. Stat. (2014). However, in Arkansas Department of Health and Human Services v. Ahlborn, the United States Supreme Court held that the federal Medicaid anti-lien provision in 42 U.S.C. § 1396p(a)(1) (2000) bars a state-from asserting a lien on the portions of a settlement not allocated to medical expenses. 547 U.S. 268, 281,- 284, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006) (finding that the Medicaid beneficiary has a property right in the proceeds of the settlement, and as such, a state can only seek reimbursement for medical expenses paid on the beneficiary’s behalf). Subsequent to Ahlbom, the Supreme Court, in Wos v. E.M.A., found that a Medicaid beneficiary must be given-the opportunity to show that the amount apportioned for medical expenses by the parties is less than the amount of the lien asserted by the state. — U.S. -, -, 133 S.Ct. 1391, 1402, 185 L.Ed.2d 471 (2013) (holding that a North Carolina statute governing the state’s reimbursement from the proceeds of damages recovered by a Medicaid beneficiary was preempted by the federal Medicaid anti-hen provision to the extent that the statute could be interpreted as creating a conclusive presumption that one-third of a Medicaid beneficiary’s tort recovery represents compensation for medical expenses).
Florida has instituted a formula[1] for AHCA to use to determine the amount of Medicaid reimbursement. § 409.910(11)(f), Fla. Stat. (2014). However, in compliance with Wos, the Florida Legislature passed section 409.910(17)(b), which providés that a Medicaid' recipient can rebut the result of the formula by proving:'
by clear and convincing evidence, that a lesser portion of the total recovery should be. allocated as reimbursement for past and future medical expenses *1236 than the amount calculated by'.the agency pursuant to the formula set forth in paragraph (11)(f) or that Medicaid provided-a lesser amount of medical assistance than that asserted by the agency.
§ 409.910(17)(b), Fla. Stat. (2014). This Court, in applying Ahlborn and Wos, has affirmed that “a plaintiff must be given the opportunity to seek reduction of the amount of a Medicaid lien established by the statutory formula outlined in section 409.910(11)(f), by demonstrating, with evidence, that the lien amount exceeds the amount recovered for .medical expenses.” Harrell v. State, 143 So.3d 478, 480 (Fla. 1st DCA 2014).
In this caSe, the formula in section 409.910(11)(f) results in an amount greater than the total Medicaid lien.' As such, AHCA would be entitléd to full reim-bursemént of its lien unless the Appellant could prove by clear and convincing evidence that a lesser portion of the total lien was allocated to medical expenses in the settlement. In reaching its conclusion that the Appellant failed to meet this burden, the ALJ made a number of findings of fact. This Court reviews the ALJ’s findings of fact for competent, substantial evidence. , Moreland ex rel. Moreland v. Agency for Persons with Disabilities, 19 So.3d 1009, 1011 (Fla. 1st DCA 2009) (citing to § 120.68(7), Fla. Stat. (2003); State, Bd. of Trustees v. Day Cruise Ass’n, Inc., 794 So.2d 696, 701 (Fla., 1st DCA 2001)). “Competent, substantial evidence is such evidence as will establish a substantial basis of fact from which the fact at issue can be reásoiiably inferred or such evidence as is sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached.” Bill Salter Adver., Inc. v. Dep’t of Transp., 974 So.2d 548, 550-51 (Fla. 1st DCA 2008) (internal quotation omitted). This Court cannot re-weigh the evidence presented, judge the credibility of witnesses, or otherwise interpret the evidence to fit a desired conclusion. Id. If supported by competent, substantial evidence, ■ an appellate court must accept those findings. Addison v. Agency for Persons With Disabilities, 113 So.3d 1053, 1056 (Fla. 1st DCA 2013).
Here, a distribution sheet/closing statement that was attached to the joint petition for settlement indicated, under the heading “LIEN/SUBROGATION/MEDICAL EXPENSES,” that a sum of $120,000 was allocated to the ERISA plan’s lien and a sum of $20,717.53 was allocated to the Medicaid hen.. The ALJ added - these amounts together and made the finding of fact that $140,717.53 was allocated by the parties for medical expenses. However, this finding of fact was not supported by competent, substantial evidence. Unlike Medicaid liens, ERISA liens can be paid from any portion of the settlement. See Zurich Am. Ins. Co. v. O’Hara, 604 F.3d 1232, 1237 (11th Cir.2010) (finding that the ERISA plan’s contractual requirement that the holder of the plan reimburse the plan for 100% of the medical expenses provided does not unduly punish the holder even if it the reimbursement would substantially reduce his total settlement amount with the hable third-party). As such, the ERISA settlement amount did not provide evidence of allocation of medical expenses.
Because the ALJ’s finding regarding allocation was not supported by competent, substantial evidence, we REVERSE and REMAND with instructions to the trial court to not consider the ERISA settlement as a part of the medical expense allocation and to determine whether, without the ERISA settlement, the Appellant proved by clear and convincing evidence that a lesser portion of the total recovery should be allocated as reimbursement for *1237 past and future medical expenses than the amount calculated by the formula.
BENTON and LEWIS, JJ., concur.

. The formula operates by reducing the gross settlement amount by 25% to account for attorneys’ fees, then subtracts taxable costs, then divides that number by two, and awards Medicaid the lesser of the amount of benefits paid or the resulting number. § 409.910(11)(f), Fla. Stat. (2014).