NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| RANDY R. WILLOUGHBY, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>AGENCY FOR HEALTH CARE )<br>ADMINISTRATION, )<br>)<br>Appellee. )<br>_____ ) | Case No. 2D15-4845 |

Opinion filed March 10, 2017.

Appeal from the Agency for Health Care
Administration.

Brent G. Steinberg, Brandon G. Cathey,
and Rachel M. Batten of Swope, Rodante
P.A., Tampa, for Appellant.

Alexander R. Boler of Boler Legal, PLLC,
Tallahassee, for Appellee.

LaROSE, Judge.

Randy Willoughby, a Medicaid recipient, appeals a final administrative

order denying his petition to reduce the amount owed to the Agency for Health Care

Administration (AHCA) to satisfy a Medicaid lien that attached to settlement proceeds

he recovered in an insurance coverage dispute.[1]  We have jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(C).  Mr. Willoughby advances two arguments.  First, he maintains that the Administrative Law Judge (ALJ), in calculating the funds available to satisfy the lien, improperly included the bad-faith portion of a $4 million settlement Mr. Willoughby obtained from his uninsured motorist (UM) carrier.  Second, he contends that the ALJ erred by not reducing the amount of the lien to correspond with that portion of the settlement allocable to past medical expenses.  We affirm as to the first issue.  Because the final order requiring reimbursement for all Medicaid-paid expenses is not supported by competent, substantial evidence, we reverse and remand as to the second issue.  In doing so, we certify conflict with Giraldo v. Agency for Health Care Administration, 41 Fla. L. Weekly D2743 (Fla. 1st DCA Dec. 12, 2016).

## Facts

Mr. Willoughby sustained serious injuries in an automobile accident.  As a result, Mr. Willoughby requires assistance to perform basic activities; he no longer enjoys a normal and active life.  Medicaid paid $147,019.61 for medical expenses he incurred.  He is no longer eligible for Medicaid benefits.  Mr. Willoughby sued the tortfeasor for damages; that lawsuit remains pending in the Thirteenth Judicial Circuit.

After the accident, Mr. Willoughby sought UM benefits from his insurer, 21st Century Centennial Insurance Company.  21st Century denied coverage and refused to pay.  Mr. Willoughby sued, claiming that 21st Century acted in bad faith and

---

[1]AHCA administers the Florida Medicaid program.  See § 409.902, Fla. Stat. (2015).

engaged in unfair claims settlement practices.[2]  21st Century eventually settled, paying Mr. Willoughby $4 million.  He also received $20,000 from Esurance Property & Casualty Insurance Company for bodily injury and UM benefits under the driver's insurance policy.

<u>Procedural History of the Medicaid Lien</u>

Section 409.910(6)(c), Florida Statutes (2015), imposes a lien on judgments, awards, or settlements received by an injured person in order to reimburse Medicaid for medical bills it pays on the injured person's behalf.  "[AHCA] is entitled to, and has, an automatic lien for the full amount of medical assistance provided by Medicaid to or on behalf of the recipient for medical care furnished as a result of any covered injury or illness for which a third party is or may be liable . . . ."  § 409.910(6)(c).

After Mr. Willoughby settled with 21st Century, AHCA sought to recover from the settlement proceeds the approximately $148,000 it had expended through Medicaid on his behalf.  AHCA proceeded pursuant to section 409.910(11)(f), which provides as follows:

> Notwithstanding any provision in this section to the contrary, in the event of an action in tort against a third party in which the recipient or his or her legal representative is a party which results in a judgment, award, or settlement from a third party, the amount recovered shall be distributed as follows:
>
> 1. After attorney's fees and taxable costs as defined by the Florida Rules of Civil Procedure, one-half of the remaining recovery shall be paid to [AHCA] up to the total amount of medical assistance provided by Medicaid.

---

[2]"Florida law allows insureds to sue insurers whose denial of meritorious claims is in bad faith."  <u>Harris v. Geico Gen. Ins. Co.</u>, 619 F. App'x 896, 898 (11th Cir. 2015) (citing § 624.155(1)(b) Fla. Stat. (2009)); <u>see also</u> <u>Fridman v. Safeco Ins. Co. of Ill.</u>, 185 So. 3d 1214, 1220 (Fla. 2016).

2. The remaining amount of the recovery shall be paid to the recipient.

3. For purposes of calculating the agency's recovery of medical assistance benefits paid, the fee for services of an attorney retained by the recipient or his or her legal representative shall be calculated at 25 percent of the judgment, award, or settlement.

Mr. Willoughby filed a petition with the Department of Administrative Hearings (DOAH) seeking to decrease the lien amount. See §§ 120.569, .57(1), Fla. Stat. (2015) (stating the procedure for proceedings and petitions for hearing with an agency). Florida law allows such action:

> A recipient may contest the amount designated as recovered medical expense damages payable to [AHCA] pursuant to the formula specified in paragraph (11)(f) by filing a petition under chapter 120 within 21 days after the date of payment of funds to [AHCA] or after the date of placing the full amount of the third-party benefits in the trust account for the benefit of [AHCA] . . . .

§ 409.910(17)(b).[3] To prevail on his petition, Mr. Willoughby had to demonstrate "by clear and convincing evidence, that a lesser portion of the total recovery should be allocated as reimbursement for past and future medical expenses than the amount calculated by [AHCA] pursuant to the formula." § 409.910(17)(b).

Mr. Willoughby and AHCA stipulated that the full value of Mr. Willoughby's personal injury damages was at least $10 million. They also stipulated that Mr. Willoughby suffered at least $23,800 in lost wages, and a loss of future earning capacity between nearly $800,000 and $2,000,000. The parties also agreed that his past medical expenses paid by Medicaid were almost $148,000, and that Mr. Willoughby's

---

[3]Mr. Willoughby placed the disputed funds in an interest-bearing trust account pending final decision by the ALJ.

future medical expenses will exceed $5 million. Finally, AHCA and Mr. Willoughby stipulated that his past noneconomic damages exceed $1 million. Notably, the parties stipulated that, under the 21st Century settlement, Mr. Willoughby recovered less than $147,019.61 as payment for his past medical expenses. Nothing suggests that the parties made these stipulations in anything other than good faith arm's-length negotiations. AHCA posited that its Medicaid lien could be satisfied from settlement funds allocable to past and future medical expenses. Mr. Willoughby, on the other hand, argued that AHCA could satisfy its lien only on a portion of the settlement representing past medical expenses. Despite the parties' stipulations as to medical expenses, the ALJ concluded that the entire $4 million settlement was available to satisfy the Medicaid lien. He then denied Mr. Willoughby's petition to reduce AHCA's lien.

### Standard of Review

We review the final administrative order to determine if it is supported by competent, substantial evidence. Mobley ex rel. Mobley v. Agency for Health Care Admin., 181 So. 3d 1233, 1236 (Fla. 1st DCA 2015). "If supported by competent, substantial evidence, an appellate court must accept those findings." Id. "However, if the agency's decision is not supported by substantial, competent evidence established in the record of the administrative hearing, it will be overturned." Wise v. Dep't of Mgmt. Servs., Div. of Ret., 930 So. 2d 867, 870-71 (Fla. 2d DCA 2006). "[T]his court reviews the agency's conclusions of law de novo." Peace River/Manasota Reg'l Water Supply Auth. v. IMC Phosphates Co., 18 So. 3d 1079, 1082 (Fla. 2d DCA 2009). "An appellate court may set aside an agency action where the court finds that the agency erroneously interpreted a provision of law and a correct interpretation compels a particular result."

Lutheran Servs. Fla., Inc. v. Dep't of Child. & Fams., 199 So. 3d 286, 288 (Fla. 2d DCA 2015).

Analysis

Bad Faith Damages Are Subject to the Medicaid Lien

Mr. Willoughby pressed strenuously before the ALJ that $3.99 million of the $4.02 million settlement[4] was for bad faith damages that could not be used to satisfy the Medicaid lien. He argued to the ALJ, and maintains here, that no more than $30,000, the UM policy limits, can be used to satisfy the lien. We note that AHCA and Mr. Willoughby stipulated that "[o]f the $4 million paid by 21st Century, $3.99 million was bad faith damages, paid to settle [Mr. Willoughby's] claim for damages . . . on account of 21st Century's wrongful failure to pay [Mr. Willoughby's UM] claim." Mr. Willoughby argued that no part of the bad faith recovery could be allocated to his medical expenses. Apparently, he assumed that bad faith damages were exclusively a punishment for failure to settle an insurance claim properly. His assumption was misplaced. The settlement compensated Mr. Willoughby for damages he sustained in the automobile accident and was available to satisfy the Medicaid lien.

UM benefits cover a panoply of losses. See Fridman v. Safeco Ins. Co. of Ill., 185 So. 3d 1214, 1220 (Fla. 2016); State Farm Mut. Auto Ins. Co. v. Rutkin, 199 So. 2d 705, 706 (Fla. 1967) ("[T]he insured is entitled to recover under the policy all damages he or she would have been able to recover from the offending motorist if that motorist had maintained a policy of auto liability insurance."). Section 624.155, Florida

---

[4]The amount Mr. Willoughby obtained from 21st Century and Esurance totaled $4,020,000. For ease, unless the context requires otherwise, we refer to the $4.02 million settlement obtained by Mr. Willoughby from 21st Century and Esurance.

Statutes (2015), requires "an insurer to act in good faith in handling claims brought by its own insured under a UM policy and expose[s] the insurer to the consequences of failing to do so." Fridman, 185 So. 3d at 1220.

We cannot agree with Mr. Willoughby's contention that bad faith damages are not subject to the Medicaid lien because they were not allocable to medical expenses. "[D]amages in first-party bad faith actions are to include the total amount of a claimant's damages, including any amount in excess of the claimant's policy limits without regard to whether the damages were caused by the insurance company." Id. at 1223 (emphasis added) (quoting State Farm Mut. Auto Ins. Co. v. Laforet, 658 So. 2d 55, 60 (Fla. 1995)). Moreover, Mr. Willoughby and 21st Century acknowledged in their settlement that "all sums set forth . . . herein constitute[d] damages on account of personal injuries or sickness."

AHCA may "seek reimbursement from 'third-party benefits,' § 409.910(6), including those benefits received from any 'causes of action, suits, claims, counterclaims, and demands that accrue to the recipient or to the recipient's legal representative, related to any covered injury, illness, or necessary medical care, goods, or services' for which Medicaid paid." Goheagan v. Perkins, 197 So. 3d 112, 117 (Fla. 4th DCA 2016) (quoting 409.901(7)(a), Fla. Stat. (2014)), review denied, No. SC16-1510 (Fla. Dec. 6, 2016). Mr. Willoughby's settlement with 21st Century provided compensation for all injuries Mr. Willoughby suffered. Medicaid paid medical bills related to those injuries. Thus, the bad faith portion of the settlement was available to satisfy the lien. The ALJ's decision on this issue was supported by competent,

substantial evidence and was a proper interpretation of section 409.910(7)(a). We affirm on this issue.

AHCA Can Satisfy Its Lien Only From Settlement Funds
Allocable to Past Medical Expenses

Medicaid is the "payor of last resort for medically necessary goods and services furnished to Medicaid recipients." § 409.910(1). The Medicaid law requires participating states to seek reimbursement of medical expenses incurred by tort victims who later recover from liable third parties. Davis v. Roberts, 130 So. 3d 264, 266 (Fla. 5th DCA 2013). The right to reimbursement, however, is not unbridled. Under Medicaid's anti-lien provisions, AHCA cannot impose its "lien upon settlement proceeds which are not 'designated as payments for medical care,' as those [nonmedical] proceeds qualify as a recipient's property." Goheagan, 197 So. 3d at 116 (quoting Ark. Dep't of Health & Human Servs. v. Ahlborn, 547 U.S. 268, 283-86 (2006)); see also 42 U.S.C. § 1396p(a)(1) ("No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State [Medicaid] plan . . . .").

As noted earlier, section 409.910(11)(f) provides a formula to determine the amount available for Medicaid reimbursement from a third-party settlement. The formula "caps recovery at half of the total amount of the settlement, after deducting attorney's fees and costs." Davis, 130 So. 3d at 266. "Although the entire amount of any settlement may be subject to a Medicaid lien, the amount of recovery is limited by the amount of Medicaid assistance provided. It is also limited by a statutory formula." Estate of Hernandez v. Agency for Health Care Admin., 190 So. 3d 139, 142 (Fla. 3d

- 8 -

DCA 2016) (citing § 409.910(11)(e), (f)), review denied, No. SC16-930 (Fla. Sept. 28, 2016).

AHCA stipulated that the 21st Century settlement did not make Mr. Willoughby whole for his past medical expenses. Yet, applying the formula, AHCA contends that the settlement provided ample funds to satisfy the entire lien. But, echoing Ahlborn, Wos v. E.M.A. ex rel. Johnson, 133 S. Ct. 1391, 1398 (2013), like Goheagan, teaches that "[t]he Medicaid anti-lien provision prohibits a State from making a claim to any part of a Medicaid beneficiary's tort recovery not 'designated as payments for medical care.' " (quoting Ahlborn, 547 U.S. at 284). Thus, the formula is not always conclusive. Indeed, since 2013,[5] Florida law enables Medicaid recipients, such as Mr. Willoughby, to rebut the presumption yielded by the formula. § 409.910(17)(b); see also Garcon v. Agency for Health Care Admin., 150 So. 3d 1101, 1102 (Fla. 2014); Agency for Health Care Admin. v. Riley, 119 So. 3d 514, 516 (Fla. 2d DCA 2013); Davis, 130 So. 3d at 270.

Before the ALJ, Mr. Willoughby relied on the parties' stipulation that he recovered less than the amount of the lien as payment for his past medical expenses from the 21st Century settlement. The ALJ was not persuaded. He observed that "[a]lthough the parties . . . stipulated that [Mr. Willoughby] has recovered less than $147,019.61 as payment for past medical expenses, the settlement agreement . . . states that 'all sums set forth herein constitute damages on account of personal injuries or sickness.' " But not all personal injury damages are for medical expenses. Even AHCA conceded as much.

---

[5]Ch. 2013-150, § 2, at 97, Laws of Fla. (2013).

Mr. Willoughby urged the ALJ to employ a pro rata allocation to calculate the amount of the 21st Century settlement allocable to past medical expenses. He acknowledged that if the entire 21st Century settlement proceeds are available, AHCA can recover no more than about $59,000 as reimbursement for past medical expenses paid by Medicaid. Indeed, because the settlement represents but only some forty percent of the total value of the case, Mr. Willoughby urges that AHCA can only recover about forty percent of the expenses it incurred. We do not condemn this approach; we recognize that ALJs frequently resort to this methodology in calculating amounts available to satisfy Medicaid liens. See Osmond v. Agency for Health Care Admin., Case No. 16-3408MTR (Fla. DOAH Hrgs. Sept. 8, 2016); Bryant v. Agency for Health Care Admin., Case No. 15-4651MTR (Fla. DOAH Feb. 12, 2016). But we also acknowledge that the U.S. Supreme Court has not explicitly endorsed this method. The Supreme Court "in no way adopted the formula as a required or sanctioned method to determine the medical expense portion of an overall settlement amount." Smith v. Agency for Health Care Admin., 24 So. 3d 590, 591 (Fla. 5th DCA 2009). We remain mindful, though, that "[a]n irrebuttable, one-size-fits-all statutory presumption is incompatible with the Medicaid Act's clear mandate that a State may not demand any portion of a beneficiary's tort recovery except the share that is attributable to medical expenses." Wos, 133 S. Ct. at 1399. Mr. Willoughby offered a methodology to demonstrate that AHCA is owed a lesser amount, and AHCA agreed that his past medical expenses were not satisfied by the 21st Century settlement. The ALJ rejected the agreement without analysis.

There seems to be no question that AHCA cannot recoup its Medicaid lien from settlement proceeds allocable to nonmedical expense damages. We struggle to determine whether AHCA may satisfy its lien from funds allocated to future medical expenses. We noted earlier that AHCA and Mr. Willoughby stipulated that his future medical expenses will likely exceed $5 million. If Mr. Willoughby's forty percent recovery versus total case value is applied to the total stipulated for all medical expenses, $5,148,000, the result yields over $2 million, more than enough to satisfy the entire lien. Yet, previous decisions from our sister districts suggested that the lien could be satisfied only from funds allocable to past medical expenses. Cf. Davis, 130 So. 3d at 270 (holding that recovery is limited to the "portion of the Medicaid recipient's third-party recovery representing compensation for past medical expenses").

Recently, however, in Giraldo, the First District concluded that AHCA had the "right to secure reimbursement for payments already made for medical costs from not only that portion of the settlement allocated for past medical expenses but also from that portion of the settlement intended as compensation for future medical expenses." 41 Fla. L. Weekly at D2744. In reaching this conclusion, the First District relied on section 409.910(17)(b) which requires a Medicaid recipient challenging the lien amount to demonstrate that AHCA has not properly allocated past and future medical expenses. Id. Respectfully, we disagree with our sister district. Giraldo misinterprets Ahlborn, 547 U.S. 268. Under our federal system of government, the First District's understanding of section 409.910 must yield to the United States Supreme Court's interpretation. See Art. VI, cl. 2, U.S. Const. (Supremacy Clause). Ahlborn and its progeny are best read

as limiting the recovery of the Medicaid lien to that portion of a settlement allocable to past medical expenses.

A more detailed exposition of Ahlborn is useful.  Ahlborn was injured in an automobile accident.  She sued the tortfeasor, seeking damages for past and future medical expenses, loss of earnings, and pain and suffering.  The total value of her claim exceeded $3 million.  Arkansas, through its Medicaid program, paid over $215,000 of her medical expenses.  Ahlborn settled her tort case for $550,000, roughly 1/6 of its value.  Under its state law, Arkansas sought full reimbursement of its Medicaid lien from the total settlement.  Ahlborn argued that the Arkansas law violated Medicaid's anti-lien provision, see 42 U.S.C. § 1396p(a)(1), because it would reach funds recovered for damages other than past medical expenses.  Ahlborn and Arkansas stipulated that if her interpretation of federal law was correct, only 1/6 of her settlement was allocable to medical expenses, about $36,000 of the $215,000 actually paid by Medicaid.  Ahlborn, 547 U.S. at 273-74.  The Supreme Court agreed with Ahlborn.  Although the Supreme Court did not address specifically the availability of funds for future medical expenses to pay the lien, it is clear that the Court accepted the parties' stipulation that only the amounts allocable to past payments were subject to the lien.  Indeed, the Court observed that Medicaid acquires a lien "of no more than the right to recover that portion of a settlement that represents payments for medical care." Id. at 282.  Future medical expenses have neither been incurred nor paid.  More to the point, section 409.910(17)(b) specifically states that the recipient must demonstrate that "a lesser portion of the total recovery should be allocated as reimbursement for past and future medical expenses." (Emphasis added.)  Reimburse means "to pay back to someone" or

- 12 -

"to make restoration or payment of an equivalent to."  Reimburse, Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/reimburse (last visited Dec. 22, 2016).  The statute contemplates that AHCA cannot be reimbursed for monies it has not expended.  See Bryant, Case No. 15-4651MTR.

Reaffirming Ahlborn, the Supreme Court in Wos, 133 S. Ct. at 1397, stated that North Carolina's Medicaid program had a right to recover Medicaid expenses paid on the recipient's behalf.  North Carolina had no right to settlement proceeds beyond such expenses.  Wos, 133 S. Ct. at 1397.  The North Carolina statute under consideration required that up to 1/3 of any damages recovered by a Medicaid recipient were payable to reimburse North Carolina for Medicaid benefits paid.  Again, the Supreme Court did not directly address whether a Medicaid lien could attach to settlement funds allocable to future medical expenses.  Yet, the underlying facts of Wos indicate not.  In Wos, the Supreme Court affirmed a decision of the Fourth Circuit Court of Appeal.  See E.M.A. ex rel. Plyler v. Cansler, 674 F.3d 290 (4th Cir. 2012), aff'd sub nom. Wos v. E.M.A. ex rel. Johnson, 133 S. Ct. 1391 (2013).  In its opinion, the Fourth Circuit noted that E.M.A. challenged North Carolina's effort to collect the full amount of its lien by encumbering "funds that are not payment[s] for medical expenses already incurred."  Id. at 295.  Hewing to Ahlborn, the Fourth Circuit made clear that "federal Medicaid law limits North Carolina's recovery to settlement proceeds representing payment for medical expenses."  Id. at 296 (emphasis omitted).  As in Ahlborn, any settlement proceeds allocable to future medical expenses are expenses not yet incurred or paid.  Such proceeds properly belong to the tort victim as compensation for future medical expenses that will be incurred.

- 13 -

Our survey of the cases since Ahlborn reflects a majority view that the Medicaid lien does not attach to settlement funds allocable to future medical expenses. See, e.g., E.M.A., 674 F.3d 290; McKinney ex rel. Gage v. Phila. Hous. Auth., No. 07-4432, 2010 WL 3364400, at *9 (E.D. Pa. Aug. 24, 2010); Price v. Wolford, No. Civ-07-1076-M, 2008 WL 4722977 (W.D. Okla. Oct. 23, 2008); State Dep't of Health & Welfare v. Hudelson, 196 P.3d 905, 912-13 (Idaho 2008), abrogated on other grounds by Verska v. St. Alphonsus Reg'l Med. Cent., 265 P.3d 502, 508 (Idaho 2011); Lugo ex rel. Lugo v. Beth Israel Med. Ctr., 819 N.Y.S.2d 892, 895 (N.Y. Sup. Ct. 2006); Aguilera v. Loma Linda Univ. Med. Ctr., 235 Cal. App. 4th 821, 831-32 (Cal. Ct. App. 2015); Branson v. Sharp Healthcare, Inc., 193 Cal. App. 4th 1467, 1471 (Cal. Ct. App. 2011); In re E.B., 729 S.E.2d 270, 292-93 (W. Va. 2012). Many of those decisions painstakingly explain how Ahlborn compels that result. See, e.g., E.M.A., 674 F.3d at 300-01; McKinney, No. 07-4432 (rejecting the argument that Ahlborn allows states "to encumber settlement monies attributable to future medical expenses"); In re E.B., 729 S.E.2d 270 ("After a thorough examination of the Ahlborn decision and the language contained in [the West Virginia statute] . . . we find that [the statute] directly conflicts with Ahlborn, insofar as it permits [the State] to assert a claim to more than the portion of a recipient's settlement that represents past medical expenses.").

Even several Florida administrative law judges conclude that AHCA cannot satisfy its Medicaid lien from proceeds set aside for future medical expenses. See Weedo v. Agency for Health Care Admin., Case No. 16-1932MTR (Fla. DOAH Sept. 27, 2016); Osmond, Case No. 16-3408MTR; Bryant, Case No. 15-4651MTR; Quesada v. Agency for Health Care Admin., Case No. 15-3764MTR (Fla. DOAH Jan.

- 14 -

28, 2016); Gibbons v. Agency for Health Care Admin., Case No. 13-4720MTR (Fla. DOAH May 7, 2014); cf. Silnicki v. Agency for Health Care Admin., Case No. 13-3852MTR (Fla. DOAH July 15, 2014).

Two more features of this case make clear that limiting the scope of the lien to past medical expenses makes sense. First, AHCA agreed to the allocation of damages. The parties' stipulation poses no risk of collusion. AHCA, the agency tasked with administering Florida's Medicaid program, acknowledged that Mr. Willoughby was not made whole as to his past medical expenses. AHCA had no incentive to skew the allocations of the 21st Century settlement in a way that reduces its lien for paid medical expenses. Cf. Giraldo, 41 Fla. L. Weekly at D2744 (holding that ALJ properly concluded that allocation agreed to in settlement agreement between victim and tortfeasor was not clear and convincing evidence and could not "be credited as reasonable products of arms-length adversarial negotiation"). Second, Mr. Willoughby is no longer eligible for Medicaid benefits. Thus, AHCA will expend no funds for his future care. See I.P. ex rel. Cardenas v. Henneberry, 795 F. Supp. 2d 1189, 1197 (D. Colo. 2011) ("Because Plaintiff intends on staying on Medicaid, any funds allocated for future medical expenses should rightfully be exposed to the [S]tate's lien so that the [S]tate can be reimbursed for its past medical payments.").

## Conclusion

The ALJ had authority to reduce the Medicaid lien. See Davis, 130 So. 3d at 270; see also § 409.910(17)(b). However, the ALJ did not analyze any methodology provided by Mr. Willoughby to reduce the lien. Instead, the ALJ concluded that the 21st Century settlement included all of Mr. Willoughby's medical expenses. The record supports no such conclusion. We cannot ignore the fact that Mr. Willoughby and AHCA

- 15 -

stipulated that, in his settlement with 21st Century, Mr. Willoughby recovered less than $147,019.61 for past medical expenses. The ALJ should not have ignored the parties' stipulation.

Mr. Willoughby provided clear and convincing evidence that a lesser portion of his recovery was allocable to satisfy the Medicaid lien.[6] Because the ALJ's decision not to reduce the lien amount is not supported by competent, substantial evidence and misapplies Ahlborn and Wos, we must reverse on the second issue. We also certify conflict with Giraldo.

Accordingly, we affirm the ALJ's refusal to exclude the bad faith damages from the Medicaid lien. We reverse and remand for the ALJ to reconsider, consistent with this opinion, Mr. Willoughby's petition in light of the parties' stipulation as to the apportionment of the settlement for Mr. Willoughby's past medical expenses.

Affirmed in part, reversed in part, and remanded. Conflict certified.


SILBERMAN and SLEET, JJ., Concur.

---

[6]We do not address whether AHCA could pursue what is left of the lien from any monies Mr. Willoughby receives in his action against the tortfeasor.

- 16 -