# Supreme Court of Florida

_____

No. SC17-297
_____

**MARIA ISABEL GIRALDO, et al.,**
Petitioners,

vs.

**AGENCY FOR HEALTH CARE ADMINISTRATION,**
Respondent.

[July 5, 2018]

LAWSON, J.

We accepted review of the decision of the First District Court of Appeal in

*Giraldo v. Agency for Health Care Administration*, 208 So. 3d 244 (Fla. 1st DCA

2016), on the ground that it expressly and directly conflicts with the Second

District Court of Appeal's decision in *Willoughby v. Agency for Health Care*

*Administration*, 212 So. 3d 516 (Fla. 2d DCA 2017), regarding whether the

Agency for Health Care Administration (AHCA) may lien the future medical

expenses portion of a Florida Medicaid recipient's tort recovery. We have

jurisdiction. *See* art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we hold

that under federal law AHCA may only reach the past medical expenses portion of

a Medicaid recipient's tort recovery to satisfy its Medicaid lien. Because the First District held otherwise, we quash the decision below, approve the Second District's decision, and remand with instructions that the First District direct the administrative law judge (ALJ) to reduce AHCA's lien amount in this case to $13,881.79.

## BACKGROUND

After Juan L. Villa suffered extreme injuries in an all-terrain vehicle accident, Florida's Medicaid program (administered by AHCA) paid $322,222.27 for Villa's medical care. Villa later settled with one of multiple alleged tortfeasors for $1 million. Claims against other alleged tortfeasors were still pending. Using the formula outlined in section 409.910(11)(f), Florida Statutes (2015), AHCA calculated the presumptively appropriate amount of its lien at $321,720.16, and asserted a lien in that amount against Villa's settlement. Section 409.910(17)(b) authorizes Medicaid recipients to contest the amount of a Medicaid lien at a hearing before the Division of Administrative Hearings (DOAH), by proving that "a lesser portion of the total recovery should be allocated as reimbursement for past and future medical expenses than the amount calculated by the agency pursuant to the formula set forth in paragraph (11)(f)." § 409.910(17)(b), Fla. Stat. (2015). Villa timely petitioned for this hearing.

At the DOAH hearing, Villa presented uncontested expert testimony establishing that only $13,881.79 of the $1 million tort recovery represented compensation for Villa's past medical expenses and argued that AHCA's lien should be limited to this amount. AHCA argued that the law authorizes recovery of Medicaid expenditures from third-party payments for past medical expenses and reasonably anticipated future medical expenses. Because Villa had the burden of rebutting the lien amount derived from the statutory formula—and put on no evidence to show that the lien exceeded the amount of his recovery properly allocated to his anticipated future medical expenses—AHCA argued that it should recover in the full amount of its lien.

Villa unexpectedly died weeks after the hearing, and his parents, as personal representatives of his estate, were properly substituted into this case as Petitioners. The ALJ's final order affirmed AHCA's lien amount and determined that Villa had failed to rebut the statutory formula because he did not establish that the lien exceeded the portion of his recovery allocated to future medical expenses. Petitioners appealed, and the First District affirmed the ALJ's final order, holding that Florida law[1] and the federal Medicaid Act allow AHCA to secure

---

[1] The First District correctly observed that Florida law plainly contemplates recoupment of AHCA's expenditures on behalf of a Medicaid recipient from portions of the recipient's tort recovery "allocated as reimbursement for past *and future* medical expenses," *Giraldo*, 208 So. 3d at 249 (quoting § 409.910 (17)(b), Fla. Stat. (2014) (emphasis added)), but also recognized that

reimbursement for its Medicaid expenditures from the portions of Villa's third-party settlement recovery allocated to both past and future medical expenses. The Second District later reached the opposite conclusion in *Willoughby*, holding that the federal Medicaid Act prohibits AHCA from placing a lien on the future medical expenses portions of a recipient's recovery.

## ANALYSIS

This case concerns interpretation of the federal Medicaid Act. Questions of statutory interpretation are reviewed de novo. *See Borden v. East-European Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006).

## I. Overview

Medicaid is a joint federal-state cooperative program that helps participating states provide medical services to residents who cannot afford treatment. *Arkansas Dep't of Health & Human Servs. v. Ahlborn*, 547 U.S. 268, 275 (2006). The federal Medicaid Act—title XIX of the Social Security Act—governs regulation of the program, and it mandates that participating states follow the Medicaid Act by "compl[ying] with certain statutory requirements for making eligibility determinations, collecting and maintaining information, and administering the program." *Ahlborn*, 547 U.S. at 275. Significantly, the Act contains a general

because states participating in the Medicaid program must follow federal law, resolution of the conflict question is ultimately governed by federal law. *Id.*

- 4 -

anti-lien provision protecting Medicaid recipients by broadly prohibiting state Medicaid agencies from imposing liens against any of a recipient's property. 42 U.S.C. § 1396p(a)(1) (2012). However, the Act contains a narrow exception to the anti-lien prohibition requiring states to seek reimbursement for their Medicaid expenditures by pursuing payment from third parties legally liable for the recipients' medical expenses. *Ahlborn*, 547 U.S. at 284-85. These provisions "pre-empt[] a State's effort to take any portion of a Medicaid beneficiary's tort judgment or settlement not 'designated as payments for medical care,' " *Wos v. E.M.A.*, 568 U.S. 627, 630 (2013) (quoting *Ahlborn*, 547 U.S. at 284), and set "a ceiling on a State's potential share of a beneficiary's tort recovery," *id*. at 633.

## II. Construing the Medicaid Act

We first examine the Act's plain language, applying the principle that "[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, . . . the statute must be given its plain and obvious meaning." *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931)).

The portion of the Medicaid Act defining the "ceiling"—the limitation on what portion of a recipient's tort recovery a state can be subject to a lien—reads in relevant part:

> *[T]o the extent that payment has been made under the State plan for medical assistance for health care items* or services *furnished* to an

- 5 -

individual, the State is considered to have acquired the rights of such individual to payment by any other party *for such health care items or services*.

42 U.S.C. § 1396a(a)(25)(H) (2012) (emphasis added). "Such health care items or services" is most naturally and reasonably read as referring to those "health care items or services" already "furnished" and for which "payment has been made under the State plan." *Id.* Those are the health care items and services for which "the State is considered to have acquired . . . rights" by assignment "to any payments by any other party," *id.*, and they are past medical expenses only. We see no reasonable way to read this language as giving states a right to assignment of that portion of a tort recovery from which the injured party will be expected to pay his or her anticipated medical expenses in the future, without aid from the government.

As explained by the Second District, this reading of the Act is consistent with the "majority view that the Medicaid lien does not attach to settlement funds allocable to future medical expenses," *Willoughby*, 212 So. 3d at 524, and appears to be compelled by *Ahlborn* and *Wos*, *id.* at 523-25. Even if not compelled by *Alhborn* and *Wos*, because we read the plain language of the Medicaid Act as limiting Florida's assignment rights (and lien) to settlement funds fairly allocable to past medical expenses, no further analysis is needed.

### III. On Remand

Because we hold that the federal Medicaid Act prohibits AHCA from placing a lien on the future medical expenses portion of a Medicaid recipient's tort recovery, we remand with instructions that the First District direct the ALJ to reduce AHCA's lien amount to $13,881.79. Although a factfinder may reject "uncontradicted testimony," there must be a "reasonable basis in the evidence" for the rejection. *Wald v. Grainger*, 64 So. 3d 1201, 1205-06 (Fla. 2011). Here, Villa presented uncontradicted evidence establishing $13,881.79 as the settlement portion properly allocated to his past medical expenses, and there is no reasonable basis in this record to reject Villa's evidence. For this reason, no further factfinding is required.

### CONCLUSION

We quash the decision below in *Giraldo*, approve *Willoughby*, and hold that federal law allows AHCA to lien only the past medical expenses portion of a Medicaid beneficiary's third-party tort recovery to satisfy its Medicaid lien. We remand this case to the First District with instructions to direct the ALJ to reduce the awarded amount to $13,881.79 for satisfaction of AHCA's lien.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, and LABARGA, JJ., concur. POLSTON, J., concurs specially in part and dissents in part with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

POLSTON, J., concurring specially in part and dissenting in part.

I agree with the majority's conclusion that federal law only allows AHCA to place a lien on the past medical expenses portion of a Medicaid beneficiary's third-party tort recovery, but I reach this conclusion for a different reason. Additionally, I disagree with the majority's reduction of the amount of AHCA's lien on the settlement without a factfinder determining the portion of the settlement properly allocated to past medical expenses.

I.

Unlike the majority, I do not believe the federal Medicaid Act, considered as a whole, is clear and unambiguous regarding whether AHCA can place a lien on the portions of a settlement that represent past and future medical damages. For example, the general anti-lien provision of the Medicaid Act uses both the past and future tenses, while the provision requiring beneficiaries to assign to the states any rights to third-party payments does not use either the past or future tense, while the provision providing that states acquire rights to third-party payments uses only the past tense. *Compare* 42 U.S.C. § 1396p(a)(1) (2012) (employing both the past and future tenses when stating "paid or to be paid"), *with* 42 U.S.C. § 1396k(a)(1)(A) (2012) (requiring assignment to State "to payment for medical care from any third

- 8 -

party"), *with* 42 U.S.C. § 1396a(a)(25)(H) (2012) (employing only the past tense of "has been made" along with "such health care items or services").

Instead, I believe the United States Supreme Court's opinion in *Arkansas Department of Health & Human Services v. Ahlborn*, 547 U.S. 268, 275 (2006), compels our construction of the federal Medicaid Act to only allow AHCA to place a lien on the portion of a tort recovery that represents past medical expenses. In *Ahlborn*, the Medicaid beneficiary sought damages from a third party "not only for past medical costs, but also for permanent physical injury; future medical expenses; past and future pain, suffering, and mental anguish; past lost earnings and working time; and permanent impairment of the ability to earn in the future." 547 U.S. at 273. "[T]he case was settled out of court . . . for a total of $550,000[, but t]he parties did not allocate the settlement between categories of damages." *Id.* at 274. The state agency asserted a lien against the settlement "in the amount of $215,645.30—the total cost of payments made . . . for Ahlborn's care." *Id.* Thereafter, Ahlborn sought

> a declaration that the lien violated the federal Medicaid laws insofar as its satisfaction would require depletion of compensation for injuries other than *past medical expenses*. To facilitate the District Court's resolution of the legal questions presented, the parties, [including the state agency,] stipulated that Ahlborn's entire claim was reasonably valued at $3,040,708.12; that the settlement amounted to approximately one-sixth of that sum; and that, if Ahlborn's construction of federal law was correct, ADHS would be entitled to only the portion of the settlement ($35,581.47) that constituted reimbursement *for medical payments made*.

*Id.* (emphasis added). To be clear, the parties only stipulated that $35,581.47 would be the correct figure "for medical payments made" if "Ahlborn's construction of federal law was correct." *Id.* And Ahlborn's argument construed the federal Medicaid law to only allow the State to recover the portion of the settlement representing past medical expenses. *Id.*

In the end, the United States Supreme Court held that "[f]ederal Medicaid law does not authorize [the state agency] to assert a lien on Ahlborn's settlement in an amount exceeding $35,581.47, and the federal anti-lien provision affirmatively prohibits it from doing so." *Id.* at 292. Therefore, because the United States Supreme Court in *Ahlborn* held that, pursuant to federal law, a state agency cannot assert a lien on a tort settlement in excess of the amount stipulated by the parties to constitute reimbursement for past medical expenses, we are compelled to conclude that federal law prohibits AHCA from asserting a lien in an amount exceeding the portion of a tort settlement that constitutes reimbursement for past medical expenses.

## II.

Of course, the difference between this case and *Ahlborn* is that AHCA has not stipulated to the $4,817.56 allocation for past medical expenses outlined in the settlement at issue in this case (or to the testimony that $13,881.76 is a reasonable allocation of past medical damages here). And the United States Supreme Court in

*Ahlborn* explained that this distinction may warrant procedural safeguards: "[T]he risk that parties to a tort suit will allocate away the State's interest can be avoided either by obtaining the State's advance agreement to an allocation or, if necessary, by submitting the matter to a court for decision." *Id.* at 288. Conversely, "just as there are risks in underestimating the value of readily calculable damages in settlement negotiations, so also is there a countervailing concern that a rule of absolute priority might preclude settlement in a large number of cases, and be unfair to the recipient in others." *Id.*

To protect parties against such possible manipulation, the United States Supreme Court's subsequent decision in *Wos v. E.M.A.*, 568 U.S. 627 (2013), clarified that procedural safeguards are needed when there is no judicially approved allocation, stipulation, or judgment. Specifically, in *Wos*, the United States Supreme Court explained that "[w]hen there has been a judicial finding or approval of an allocation between medical and nonmedical damages—in the form of either a jury verdict, court decree, or stipulation binding on all parties—that is the end of the matter." 568 U.S. at 638. However, "[w]hen the State and the beneficiary are unable to agree on an allocation, . . . the parties could 'submi[t] the matter to a court for decision." *Id.* (quoting *Ahlborn*, 547 U.S. at 288). The United States Supreme Court also mentioned the possibility of an "administrative proceeding" to determine the proper allocation. *Id.* at 638-39.

Here, because there is no stipulation, judgment, or administrative finding regarding the portion of the settlement that represents past medical expenses, I dissent to the majority's declaration on appellate review that $13,881.79 is the proper allocation. The ALJ never found that $13,881.79 was the proper amount to allocate as past medical expenses in the settlement, and it is not proper that this Court do so on appellate review. While the beneficiary presented testimony of two expert witnesses to prove the valuation of total damages was $25,000,000, and that $13,881.79 was a reasonable allocation of past medical damages, the ALJ's final order noted that the testimony was questionable and based upon two-year-old hearsay reports. Therefore, I would remand this case to the First District with instructions that the ALJ determine the proper allocation for past medical expenses and that this allocation be awarded for satisfaction of AHCA's lien.[2]

Accordingly, I concur specially in part and dissent in part.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District - Case No. 1D16-392

Celene H. Humphries, Philip J. Padovano, Maegen P. Luka, and Joseph T. Eagleton of Brannock & Humphries, P.A., Tampa, Florida; and Floyd Faglie of Staunton & Faglie, PL, Monticello, Florida,

for Petitioners

---

2. AHCA stipulated that the beneficiary's death does not affect the case.

Pamela Jo Bondi, Attorney General, Jonathan A. Glogau, Special Counsel, and Elizabeth Teegen, Assistant Attorney General, Tallahassee, Florida; Stuart F. Williams, General Counsel, and Tracy Cooper George, Chief Appellate Counsel, Agency for Health Care Administration, Tallahassee, Florida,

for Respondent

Twyla L. Sketchley of The Sketchley Law Firm, P.A., Tallahassee, Florida; Ellen S. Morris of Elder Law Associates, P.A., Boca Raton, Florida; Ron M. Landsman of Ron M. Landsman, P.A., Rockville, Maryland; and Jill J. Burzynski of Burzynski Elder Law, Naples, Florida,

Amici Curiae National Academy of Elder Care Law Attorneys, Academy of Florida Elder Law Attorneys, Special Needs Alliance, and Elder Law Section of The Florida Bar

Nichole J. Segal of Burlington & Rockenbach, P.A., West Palm Beach, Florida,

Amicus Curiae Florida Justice Association