# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-355

_____

JOHN GRAY,

    Appellant,

v.

AGENCY FOR HEALTH CARE
ADMINISTRATION,

    Appellee.

_____


On appeal from the Division of Administrative Hearings.
J. Bruce Culpepper, Judge.

September 3, 2019


PER CURIAM.

After John Gray settled a lawsuit arising from a car accident in which he suffered a spinal cord injury, the State of Florida obtained a lien against the proceeds of the settlement to satisfy payments made by the Medicaid program for Gray's medical care. Gray filed an administrative petition seeking to reduce the lien amount. The administrative law judge determined that Gray did not establish entitlement to a reduction of the lien. Because the ALJ's factual findings are supported by competent, substantial evidence, and because the ALJ correctly applied the operative statute when determining the lien amount, we affirm.

Medicaid is intended to be the payor of last resort. Under Florida law, Medicaid must be repaid from any third-party benefits obtained by the Medicaid recipient, such as a settlement in a lawsuit, "regardless of whether a recipient is made whole or other creditors paid." § 409.910(1), Fla. Stat. (2016). Repayment to Medicaid is accomplished through an automatic lien for the full amount of medical assistance provided by Medicaid. § 409.910(6)(c), Fla. Stat. (2016).

The Medicaid Act allows AHCA to recover from a recipient provided medical care through the Medicaid program:

> Except as otherwise provided in this section, notwithstanding any other provision of law, the *entire* amount of any settlement of the recipient's action or claim involving third-party benefits, with or without suit, is subject to the agency's claims for reimbursement of the amount of medical assistance provided and any lien pursuant thereto.

§ 409.910(11)(e), Fla. Stat. (2016) (emphasis added). However, the Florida Supreme Court has determined that the lien that may be placed on a Medicaid recipient's tort recovery is limited to reimbursement for medical expenses already paid to the recipient. *Giraldo v. Agency for Health Care Admin*, 248 So. 3d 53, 56 (Fla. 2018). The Court reasoned that allowing AHCA to obtain recovery for payments not yet made by the program would conflict with the anti-lien provisions of the federal Medicaid laws. *Id.* at 55. Thus, the Court held that AHCA may not obtain a lien against any portion of a Medicaid recipient's settlement that is allocated for future medical expenses. *Id.* at 56.

However, settlement agreements do not always neatly identify and allocate amounts recovered for past or future medical expenses. When there is a judicial finding or approval of an allocation between medical and non-medical damages or between past and future medical damages "in the form of either a jury verdict, court decree, or stipulation binding on all parties—that is the end of the matter." *Wos v. E.M.A.*, 568 U.S. 627, 638 (2013).

But without an agreement about the allocation, the parties may resolve the dispute in an administrative proceeding. *Id.*

When there has been no judicial finding or approval of an allocation in a settlement agreement, Florida's Medicaid Third-Party Liability Act provides a default formula to calculate Medicaid's share of a settlement received from a third-party:

> After attorney's fees and taxable costs . . . one-half of the remaining recovery shall be paid to the agency up to the total amount of medical assistance provided by Medicaid.

§ 409.910(11)(f)1., Fla. Stat. (2016). To contest the amount calculated under the statutory formula, a Medicaid recipient must "prove, by clear and convincing evidence, that a lesser portion of the total recovery should be allocated as reimbursement for past and future medical expenses than the amount calculated by the agency pursuant to the formula set forth in paragraph (11)(f) or that Medicaid provided a lesser amount of medical assistance than that asserted by the agency." § 409.910(17)(b), Fla. Stat. (2016).

The burden of proof required to challenge a statutory lien has been questioned in a recent federal court decision. In *Gallardo v. Dudek*, 263 F.Supp.3d 1247 (N.D. Fla. 2017), the court held that the provision of the statute placing a clear and convincing burden of proof on the Medicaid recipient was preempted by the federal Medicaid law's anti-lien and anti-recovery provisions. *Id.* at 1259-60. The court also enjoined AHCA from requiring a Medicaid recipient "to affirmatively disprove § 409.910(17)(b)'s formula-based allocation with clear and convincing evidence." *Gallardo by & through Vassallo v. Senior*, 2017 WL 3081816, at *9 (N.D. Fla. July 18, 2017). AHCA has appealed the ruling. *Gallardo v. Mayhew,* No. 17-13693 (11th Cir. Aug. 17, 2017).

### *This Case*

A car accident left Gray with a spinal cord injury and other permanent injuries. Medicaid paid $65,615.05 in medical expenses associated with Gray's hospital stay following the accident. Gray successfully sued the driver of the car and was

3

awarded a verdict of over $2.8 million. Gray collected only $10,000 from the driver's insurance company.

By operation of the Medicaid third-party liability statute, an automatic lien of $3,750 was applied against Gray's $10,000 recovery. Gray sought to reduce the lien, arguing that the amount calculated under the statutory formula allowed AHCA to collect more from his settlement than the amount properly apportioned for his past medical expenses.

Gray argued that the $10,000 settlement represented 0.349% of the value of his $2.8 million verdict, so AHCA's lien should be limited to 0.349% of the total amount Medicaid expended in medical benefits ($65,615.05), which would equate to $229.49. AHCA argued that, under the statutory formula, it was entitled to $3,750 from Gray's recovery and that Gray failed to prove that AHCA should be entitled to a lesser amount. Gray conceded that no case law or other statute authorized the ALJ to apply a pro rata formula instead of the formula provided in the statute.

The ALJ found that Gray failed to show by clear and convincing evidence that AHCA was entitled to less than the presumptive amount under the statute—$3,750. The ALJ found no evidence in the record to show that "the $10,000 recovery does not include at least $3,750 that could be attributed to [Gray's] medical costs. Neither does the evidence indicate that the $3,750 amount includes payments for expenses other than [Gray's] medical care and services." The ALJ ruled that AHCA was entitled to $3,750 from the $10,000 recovery.

*Analysis*

We review an ALJ's conclusion of law de novo. *McAlpin v. Criminal Justice Stds. & Training Comm'n*, 155 So. 3d 416, 420 (Fla. 1st DCA 2014). Gray argues that the ALJ committed legal error by: (1) placing a lien on Gray's future medical expenses, contrary to the decision in *Giraldo*; (2) requiring Gray to prove by clear and convincing evidence that the lien should be reduced, contrary to the decision in *Gallardo*; and (3) failing to use a pro rata formula to calculate AHCA's portion of the recovery. As explained below, we find no reversible error.

4

First, no lien was placed on a portion of Gray's settlement representing payment for future medical expenses. The record supports the ALJ's conclusion that Gray failed to show that the $10,000 settlement was anything other than a lump-sum payment, with no allocations for any category of Gray's damages. Because the $10,000 recovery was unallocated, Gray's argument that the lien was improperly imposed on future medical expenses must fail.

Second, relying on the *Gallardo* decision, Gray asserts that the ALJ erred by imposing a clear and convincing burden of proof on Gray to show that the Medicaid lien should be reduced. But the decision in *Gallardo* is not binding on this Court or the Division of Administrative Hearings, even though it may be persuasive authority. *Carnival Corp. v. Carlisle*, 953 So. 2d 461, 465 (Fla. 2007). And, even if *Gallardo* were binding, the invalidated portion of the statute—the clear and convincing burden of proof—would be replaced with the default burden of proof for administrative hearings under Florida's Administrative Procedure Act. Section 120.57(1)(j), Florida Statutes (2016), provides that findings of fact "shall be based upon a preponderance of the evidence." Thus, if *Gallardo* was binding, Gray would have to show by a preponderance of the evidence that AHCA's lien should be less than the statutory amount.

The evidence offered by Gray consisted of the verdict form, the final judgment, and letters providing the amount of the liens imposed by Florida's Medicaid Program, Georgia's Medicaid Program, and Florida's Brain and Spinal Cord Injury Program. None of these records showed that the $10,000 recovery was allocated in any way between different categories of damages, costs, or attorney's fees. Thus, Gray could not show—even by a preponderance of the evidence—that an amount other than the total recovery of $10,000 should be considered when applying the statutory formula to determine the amount of the Medicaid lien. Thus, the ALJ did not err in ruling that Gray failed to meet his burden to show that the lien should be reduced.

Even though he failed to produce evidence or present testimony to meet his burden to show that the lien amount should be reduced, Gray maintains that the ALJ should have used a pro rata formula to calculate AHCA's share of the settlement

5

recovery. Gray acknowledges that nothing in the statute authorizes the ALJ to use a pro rata formula to calculate the lien amount. Rather, in situations such as this case, when the plaintiff fails to produce evidence or present testimony showing that the lien amount should be reduced, the plain language of section 409.910(11)(f) requires the ALJ to apply the statutory formula. The ALJ did exactly that here and did not err in calculating the lien amount.

The order on appeal is AFFIRMED.

LEWIS and ROWE, JJ., concur; MAKAR, J., concurring with opinion.

––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––

MAKAR, J., concurring with opinion.

John Gray obtained what appears to be an essentially worthless $2.8 million-dollar verdict against the driver of a car whose negligence caused him to suffer a severe spinal cord injury. Gray's only monetary recovery was $10,000 from an insurance policy held by the driver. AHCA, which seeks repayment of $65,615 of Gray's medical expenses, claims statutory entitlement to $3,750 of the policy proceeds while Gray says that AHCA should get $230, which is a pro-rated amount (i.e., ($65,615 x ($10,000/$2,800,000))).

The rub is that the $10,000 of insurance proceeds, though intended to apply to Gray's past and future medical expenses, are not allocated in any specific way to these categories, leaving it unclear how they should be treated for purposes of determining AHCA's statutory recovery under section 409.910(11)(f)1., Fla. Stat. (2019) (providing payment of "one-half of the remaining recovery" to AHCA "up to the total amount of medical assistance provided by Medicaid" after deducting attorneys' fees and costs).

6

In the absence of a specific allocation of the $10,000 in proceeds, it is not illogical to conclude that the funds cannot be committed to any specific allocation, whether that be 100% for future expenses, 100% for past expenses, or some percentage allocation in-between such as a pro-rata apportionment as Gray has advocated. That said, it would not be illogical to conclude that the $10,000 was intended to apply to Gray's past and future medical expenses generally, and that a pro-rata approach would be a reasonable and non-regressive way to apportion the proceeds.

Because the current legislative structure supports the former approach, rather than the latter, the administrative law judge did not err in its award to AHCA. The legislature, however, may wish to consider whether to adjust the statutory formula to reduce its regressive effect on severely injured persons, such as Gray, who receive uncollectible judgments and are then required to forego half of the unallocated proceeds of small value insurance policies in these unfortunate situations.

———————————————

Brandon G. Cathey and Brent G. Steinberg of Swope, Rodante P.A., Tampa, for Appellant.

Ashley Moody, Attorney General; Jonathan A. Glogau, Special Counsel, and Elizabeth Teegen, Assistant Attorney General, Tallahassee; and Tracy George, Chief Appellate Counsel, Agency for Health Care Administration, Tallahassee, for Appellee.