[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 17-13693

————————————

D.C. Docket No. 4:16-cv-00116-MW-CAS

GIANINNA GALLARDO,
an incapacitated person,
by and through her parents and co-guardians
Pilar Vassallo and Walter Gallardo,

Plaintiff - Appellee,

versus

ELIZABETH DUDEK,
in her official capacity as Secretary of the
Florida Agency for Health Care Administration,

Defendant,

MARY MAYHEW,
in her official capacity as Secretary of the
Florida Agency for Health Care Administration,

Defendant - Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Florida

————————————

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

BRANCH, Circuit Judge:

No judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, the Petition for Rehearing En Banc is DENIED.  The Petition for Rehearing En Banc is also treated as a Petition for Rehearing before the panel and is DENIED.[1]

Although it is unfortunate that our interpretation of federal law conflicts with the Florida Supreme Court's interpretation of federal law and presents a forum shopping possibility, we cannot for that reason endorse an incorrect interpretation of federal law.  Our system of federalism allows for parallel state and federal interpretations of federal law.  *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).  Moreover, we are not bound by a state court's interpretation of federal law.  *See Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1064 (11th Cir. 1996); *See also, e.g., RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) ("Although state court precedent is binding upon us regarding issues of state law, it is only persuasive authority on matters of federal law.").  Accordingly, we *deny* Gallardo's petition for panel rehearing.

---

[1] Judge Wilson would grant the petition for panel rehearing.

WILSON, Circuit Judge, dissenting from denial of rehearing by the panel:

Medicaid recipients in Florida have a forum-shopping problem.  In 2018, a unanimous Florida Supreme Court held that the Medicaid Act partially preempts Florida Statutes § 409.910(17)(b).  *See Giraldo v. Agency for Health Care Admin.*, 248 So. 3d 53 (Fla. 2018).  That statute lets Florida siphon money from the part of a recipient's tort recovery that represents payment for the recipient's past and future medical care.  But six justices of the Florida Supreme Court held that the plain text of the Medicaid Act limits Florida to just the part of the recovery that represents payment for past medical care.  *Id.* at 56.  One justice held that the Supreme Court of the United States specifically decided this issue in *Arkansas Department of Health & Human Services v. Ahlborn*, 547 U.S. 268 (2006).  *Id.* at 57–58 (Polston, J., concurring specially in part and dissenting in part).

Two years later, this court held just the opposite.  *See Gallardo by & through Vassallo v. Dudek*, 963 F.3d 1167, 1171 (11th Cir. 2020).  A fractured panel dismissed the Florida Supreme Court's construction of the Medicaid Act as a "mistake in logic."  *Id.* at 1178.  It ruled that the Medicaid Act lets Florida recover from the part of the recipient's recovery that represents payment for both past and future medical care.  *Id.* at 1180.

I dissented for three reasons.  For one, the plain text of the Medicaid Act limits Florida to just the part of the recovery representing payment for the care that

3

Florida fronted first—the recipient's past medical care. *Id.* at 1184–87 (Wilson, J., concurring in part and dissenting in part). For another, the Supreme Court decided this issue in *Ahlborn*, holding that the state there could recover from only the part of the recovery representing payment for past medical care. *Id.* at 1188–91. And for a third, almost every court to consider this issue has rejected the majority's view, adopting instead the Florida Supreme Court's position that the state can recover from only the past-medical-care part of the recipient's tort recovery. *Id.* at 1191–92 (citing *E.M.A. ex rel. Plyler v. Cansler*, 674 F.3d 290, 307, 312 (4th Cir. 2012), *aff'd sub nom. on other grounds Wos v. E.M.A. ex rel. Johnson*, 568 U.S. 627 (2013); *McKinney ex rel. Gage v. Phila. Hous. Auth.*, 2010 WL 3364400, at *9 (E.D. Pa. Aug. 24, 2010); *Price v. Wolford*, 2008 WL 4722977, at *2 (W.D. Okla. Oct. 23, 2008); *Sw. Fiduciary, Inc. v. Ariz. Health Care Cost Containment Sys. Admin.*, 249 P.3d 1104, 1108–10 (Ariz. Ct. App. 2011); *In re Estate of Martin*, 574 S.W.3d 693, 696 (Ark. App. 2019), *reh'g denied* (Ark. App. Apr. 24, 2019); *Bolanos v. Superior Court*, 87 Cal. Rptr. 3d 174, 179–81 (Cal. App. 4th 2008); *Lugo ex rel. Lugo v. Beth Israel Med. Ctr.*, 819 N.Y.S.2d 892, 895–96 (N.Y. Sup. Ct. 2006); *In re E.B.*, 729 S.E.2d 270, 453 (W. Va. 2012); *Latham v. Office of Recovery Servs.*, 2019 UT 51, ¶ 20 (Utah 2019), *cert. denied*, *Office of Recovery Servs. v. Latham*, 140 S. Ct. 852 (2020)). These points underscore "that the majority view, not the majority's view, is the right one." *Id.* at 1192.

I also previewed what would flow from the majority's mistake: forum shopping in its purest form. *See id.* at 1192–93. "Florida Medicaid recipients will now head to state administrative court to benefit from the Florida Supreme Court's holding in *Giraldo*." *Id.* "Meanwhile, Florida may seek declaratory relief in federal court to bypass *Giraldo* and benefit from our holding in *Gallardo*." *Id.* at 1193. "That holding will bind our district courts to declare that the Medicaid Act does not preempt Florida's attempt to recover from the part of the recipient's recovery that represents payment for future medical care." *Id.* "And then Florida will take the federal-court judgment to state court and argue that it has a preclusive effect on the recipient." *Id.*

Even then, it was clear that this consequence was "far from hypothetical": Florida has admitted that it will use "the preclusive effect of our judgment in state administrative court." *Id.* Yet that stance sets the stage for a bizarre outcome. In the weeks since the majority's ruling, at least two Florida courts have held that *Giraldo* controls in Florida's state courts, while *Gallardo* controls in the Eleventh Circuit's federal courts. *See Jones v. Agency for Health Care Admin.*, 2020 WL 4259195, at *8 (Fla. DOAH July 17, 2020); *Bonnett v. Agency for Health Care Admin.*, 2020 WL 4378897, at *4 n.3 (Fla. DOAH July 22, 2020). But when Florida wins a federal judgment first and brings the judgment back to state court, res judicata principles will "perversely" compel "the state administrative court [to]

5

apply the Eleventh Circuit's decision in *Gallardo*, rather than the Florida Supreme Court's decision in *Giraldo*." *Gallardo*, 963 F.3d at 1193 (Wilson, J., concurring in part and dissenting in part).

That's a problem.  The risk that "the same event may be judged by two different laws, depending upon whether a state court or a federal forum within that state is available" is precisely the "type of evil" that the Supreme Court sought to curb in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).  *See Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 521 (1953) (Jackson, J., dissenting).  Within these cracks in the law's forum-shopping armor, randomness and inequity abound.  Pick-your-law scenarios "can empower strong, well-off, and sophisticated parties"—like a state—to the detriment of "paradigmatically worse-off part[ies]"—like a Medicaid recipient.  *See* Ori Aronson, *Forum by Coin Flip: A Random Allocation Model for Jurisdictional Overlap*, 45 SETON HALL L. REV. 63, 75–76 (2015).  They sanction "inequitable administration of the laws" in a system that strives for equal justice.  *See Hanna v. Plumer*, 380 U.S. 460, 468 (1965).  And they "encourage gamesmanship"—like a state wielding a federal-court judgment to bypass its own state supreme court's ruling.  *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 65 (2013).

Unfortunately, there is nothing left to do in the Eleventh Circuit or the Florida Supreme Court.  The dust in those courts have settled, leaving each on

different sides of the chasm.  Until their differences are reconciled, though, Florida Medicaid recipients must straddle two worlds: one where they win, and one where they lose.  It is an arrangement as arbitrary as it is wrong; a system that awards first place not to the winner of the case, but to the winner of the race to the courthouse.  At some point, someone must decide whether *Giraldo* or *Gallardo* got it right.

I remain steadfast in my view that *Gallardo* got it wrong.  As most courts have long held, the Medicaid Act prevents Florida from robbing its recipients of tort payments paid for their future medical burdens.  I dissent from the denial of rehearing by the panel.